1

2

3

4

5

6                    UNITED STATES DISTRICT COURT

7                   EASTERN DISTRICT OF CALIFORNIA

8

9  UNITED STATES OF AMERICA,        )    1:06-cv-0021 OWW GSA
                                    )
10              Plaintiff,          )    SCHEDULING CONFERENCE ORDER
                                    )
11     v.                           )    Discovery Cut-Off: 5/1/09
                                    )
12 APPROXIMATELY $6,752.25 IN U.S.  )    Non-Dispositive Motion
   CURRENCY,                        )    Filing Deadline: 5/15/09
13                                  )
                Defendant.          )    Dispositive Motion Filing
14                                  )    Deadline: 5/29/09
   _____ )
15                                       Settlement Conference Date:
                                         5/19/09 10:00 Ctrm. 10
16
                                         Pre-Trial Conference Date:
17                                       8/17/09 11:00 Ctrm. 3

18                                       Trial Date: 9/22/09 9:00
                                         Ctrm. 3 (CT-2 days)
19

20

21 I.   Date of Scheduling Conference.

22      June 26, 2008.

23 II.  Appearances Of Counsel.

24      Stephanie Hamilton Borchers, Esq., Assistant United States

25 Attorney, appeared on behalf of Plaintiff.

26      Arthur Littlefield, claimant, appeared in pro se.

27 III.  Summary of Pleadings.

28      1.   This is an in rem civil forfeiture action.  In its

                                1

1    Verified Complaint for Forfeiture In Rem, the United States

2    alleges that the Defendant currency constitutes moneys or other

3    things of value furnished or intended to be furnished in exchange

4    for a controlled substance, all proceeds traceable to such an

5    exchange and/or was used or intended to be used to facilitate one

6    or more violations of 21 U.S.C. § 841 et seq., and is subject to

7    forfeiture to the United States pursuant to 21 U.S.C.

8    § 881(a)(6).

9         2.   The Defendant approximately $6,752.25 in U.S. Currency

10   (hereafter "defendant currency") was seized from Arthur

11   Littlefield and Janeese Perry on July 7, 2005, on land in the

12   Eastern District of California and adopted for forfeiture

13   proceedings by the Drug Enforcement Administration ("DEA") on

14   August 4, 2005.

15        3.   The action was published on January 25, 2006, in The

16   Business Journal (Fresno County) pursuant to the Order of

17   Publication filed January 10, 2006.  The Declaration of

18   Publication was filed on February 14, 2006.

19        4.   On or about March 10, 2006, Janeese Perry was

20   personally served with copies of the Complaint, Application and

21   Order for Publication, Warrant and Summons for Arrest, Order

22   Setting Mandatory Scheduling Conference, Standing Order in All

23   Civil Cases Assigned to United States District Judge Oliver W.

24   Wanger, Notice of Availability of a Magistrate Judge, and Notice

25   of Availability of Dispute Resolution.

26        5.   On March 13, 2006, Arthur Littlefield was personally

27   served with the above-listed documents.  On March 30, 2006,

28   Arthur Littlefield filed a letter asserting his interest in the

                                2

1  defendant currency.  On March 31, 2006, the United States sent a

2  letter to Arthur Littlefield granting him a 45 day extension

3  until May 15, 2006, to file his verified claim and answer.

4  Pursuant to Mr. Littlefield's request, the United States also

5  provided Mr. Littlefield with contact information for the Legal

6  Services Corporation.

7       6.   On May 15, 2006, Mr. Littlefield filed a verified

8  answer to the Complaint in *propria persona*.  To date, no other

9  potential claimants have filed a claim or answer in this action.

10      7.   On July 21, 2006, a Clerk's Default was entered as to

11 Janeese Perry.

12      8.   The United States has been informed that Arthur

13 Littlefield pled guilty or "no contest" in the state criminal

14 action to a violation of California Health & Safety Code § 11352

15 – Transportation for Sale of Cocaine.  On March 14, 2006, he was

16 sentenced to five years imprisonment.

17      9.   In the Court's March 27, 2008, Minute Order the Court

18 advised Mr. Littlefield to immediately, upon release, provide the

19 Court and the U.S. Attorney's Office with an updated address.  On

20 April 2, 2008, the United States received a Notice of Change of

21 Address filed with the Court by Arthur Littlefield.

22      10.  This matter was previously stayed pending the

23 resolution of Arthur Littlefield's State Appeal, *The People v.*

24 *Arthur Littlefield* (F050042 5th District).  On February 14, 2007,

25 the Fifth District Court of Appeal dismissed Claimants appeal on

26 procedural grounds.

27 IV.  Orders Re Amendments To Pleadings.

28      1.   Plaintiff does not propose any amendments to the

**3**

1   existing pleadings at this time.

2   V.   Factual Summary.

3       A.   Admitted Facts Which Are Deemed Proven Without Further

4   Proceedings.

5           1.   It is uncontested that on July 2, 2005, the

6   defendant currency was seized from Mr. Littlefield's person and

7   the trunk of a car Mr. Littlefield was driving.  It is

8   uncontested that marijuana, cocaine, and methylenediox-

9   methamphetamine ("Ecstasy") were also recovered from the trunk of

10  the car and that Mr. Littlefield was convicted of California

11  Health & Safety Code § 11352 - Transportation for Sale of

12  Cocaine.

13      B.   Contested Facts.

14          1.   Plaintiff contends the facts are as alleged in the

15  Verified Complaint.

16  VI.  Legal Issues.

17      A.   Uncontested.

18          1.   Jurisdiction exists under 28 U.S.C. §§ 1331, 1345

19  and 1355 and 21 U.S.C. § 881.

20          2.   Venue is proper under 28 U.S.C. § 1395.

21      B.   Contested.

22          1.   Mr. Littlefield disputes the constitutionality of

23  the search of his vehicle, despite his "no contest" plea.

24  VII. Consent to Magistrate Judge Jurisdiction.

25          1.   The parties have not consented to transfer the

26  case to the Magistrate Judge for all purposes, including trial.

27  VIII.    Corporate Identification Statement.

28          1.   Any nongovernmental corporate party to any action in

4

this court shall file a statement identifying all its parent corporations and listing any entity that owns 10% or more of the party's equity securities.  A party shall file the statement with its initial pleading filed in this court and shall supplement the statement within a reasonable time of any change in the information.

IX.   Discovery Plan and Cut-Off Date.

1.   The parties are ordered to complete all non-expert discovery on or before January 26, 2009.

2.   The parties are directed to disclose all expert witnesses, in writing, on or before March 2, 2009.  Any rebuttal or supplemental expert disclosures will be made on or before April 1, 2009.  The parties will comply with the provisions of Federal Rule of Civil Procedure 26(a)(2) regarding their expert designations.  Local Rule 16-240(a) notwithstanding, the written designation of experts shall be made pursuant to F. R. Civ. P. Rule 26(a)(2), (A) and (B) and shall include all information required thereunder.  Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

3.   The parties are ordered to complete all discovery, including experts, on or before May 1, 2009.

4.   The provisions of F. R. Civ. P. 26(b)(4) shall apply to all discovery relating to experts and their opinions. Experts may be fully prepared to be examined on all subjects and opinions included in the designation.  Failure to comply will result in the imposition of sanctions.

5

1  **X.    Pre-Trial Motion Schedule.**

2       1.    All Non-Dispositive Pre-Trial Motions, including any

3  discovery motions, will be filed on or before May 15, 2009, and

4  heard on June 19, 2009, at 9:00 a.m. before Magistrate Judge Gary

5  S. Austin in Courtroom 10.

6       2.    In scheduling such motions, the Magistrate

7  Judge may grant applications for an order shortening time

8  pursuant to Local Rule 142(d).  However, if counsel does not

9  obtain an order shortening time, the notice of motion must comply

10 with Local Rule 251.

11      3.    All Dispositive Pre-Trial Motions are to be

12 filed no later than May 29, 2009, and will be heard on July 6,

13 2009, at 10:00 a.m. before the Honorable Oliver W. Wanger, United

14 States District Judge, in Courtroom 3, 7th Floor.  In scheduling

15 such motions, counsel shall comply with Local Rule 230.

16 **XI.   Pre-Trial Conference Date.**

17      1.    August 17, 2009, at 11:00 a.m. in Courtroom 3, 7th

18 Floor, before the Honorable Oliver W. Wanger, United States

19 District Judge.

20      2.    The parties are ordered to file a Joint Pre-

21 Trial Statement pursuant to Local Rule 281(a)(2).

22      3.    Counsel's attention is directed to Rules 281

23 and 282 of the Local Rules of Practice for the Eastern District

24 of California, as to the obligations of counsel in preparing for

25 the pre-trial conference.  The Court will insist upon strict

26 compliance with those rules.

27 **XII. Trial Date.**

28      1.    September 22, 2009, at the hour of 9:00 a.m. in

**6**

1   Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger,

2   United States District Judge.

3        2.    This is a non-jury trial.

4        3.    Counsels' Estimate Of Trial Time:

5             a.   2 days.

6        4.    Counsels' attention is directed to Local Rules

7   of Practice for the Eastern District of California, Rule 285.

8   XIII.     Settlement Conference.

9        1.    A Settlement Conference is scheduled for May 19, 2009,

10  at 10:00 a.m. in Courtroom 10 before the Honorable Gary S.

11  Austin, United States Magistrate Judge.

12       2.    Unless otherwise permitted in advance by the

13  Court, the attorneys who will try the case shall appear at the

14  Settlement Conference with the parties and the person or persons

15  having full authority to negotiate and settle the case on any

16  terms at the conference.

17       3.    Permission for a party [not attorney] to attend

18  by telephone may be granted upon request, by letter, with a copy

19  to the other parties, if the party [not attorney] lives and works

20  outside the Eastern District of California, and attendance in

21  person would constitute a hardship.  If telephone attendance is

22  allowed, the party must be immediately available throughout the

23  conference until excused regardless of time zone differences.

24  Any other special arrangements desired in cases where settlement

25  authority rests with a governing body, shall also be proposed in

26  advance by letter copied to all other parties.

27       4.    Confidential Settlement Conference Statement.

28  At least five (5) days prior to the Settlement Conference the

1    parties shall submit, directly to the Magistrate Judge's

2    chambers, a confidential settlement conference statement.   The

3    statement should not be filed with the Clerk of the Court nor

4    served on any other party.   Each statement shall be clearly

5    marked "confidential" with the date and time of the Settlement

6    Conference indicated prominently thereon.   Counsel are urged to

7    request the return of their statements if settlement is not

8    achieved and if such a request is not made the Court will dispose

9    of the statement.

10        5.   The Confidential Settlement Conference

11   Statement shall include the following:

12        a.   A brief statement of the facts of the

13   case.

14        b.   A brief statement of the claims and

15   defenses, i.e., statutory or other grounds upon which the claims

16   are founded; a forthright evaluation of the parties' likelihood

17   of prevailing on the claims and defenses; and a description of

18   the major issues in dispute.

19        c.   A summary of the proceedings to date.

20        d.   An estimate of the cost and time to be

21   expended for further discovery, pre-trial and trial.

22        e.   The relief sought.

23        f.   The parties' position on settlement,

24   including present demands and offers and a history of past

25   settlement discussions, offers and demands.

26   XIV. Request For Bifurcation, Appointment Of Special Master,

27   Or Other Techniques To Shorten Trial.

28        1.   None.

**8**

**Case 1:06-cv-00021-OWW-GSA   Document 54   Filed 07/01/08   Page 9 of 10**

XV.   Related Matters Pending.

     1.   This case is related to the state criminal action *The People v. Athur Ray Littlefield Jr.*, Fresno County Superior Court Case No. F05905312-5.  This case is also related to Fifth District Court of Appeal case *People v. Littlefield*, F050042.

XVI. Compliance With Federal Procedure.

     1.   The Court requires compliance with the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.  To aid the court in the efficient administration of this case, all counsel are directed to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and keep abreast of any amendments thereto.

XVII.      Effect Of This Order.

     1.   The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to bring this case to resolution.  The trial date reserved is specifically reserved for this case.  If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent scheduling conference.

     2.   Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.

     3.   Failure to comply with this order may result in

1    the imposition of sanctions.

3    IT IS SO ORDERED.

4    **Dated:**   __July 1, 2008__                    _____/s/ Oliver W. Wanger_____
                                           UNITED STATES DISTRICT JUDGE

10