McGREGOR W. SCOTT
United States Attorney
STEPHANIE HAMILTON BORCHERS
Assistant U.S. Attorney
United States Courthouse
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 1:06-CV-00021-OWW-GSA |
| Plaintiff, | |
| v. | **FINAL JUDGMENT OF FORFEITURE** |
| APPROXIMATELY $6,752.25 IN U.S. CURRENCY, | |
| Defendant. | |

Pursuant to the Stipulation for Final Judgment of Forfeiture filed herein, the Court finds:

1. This is a civil forfeiture action against defendant approximately $6,752.25 in U.S. Currency (hereafter "defendant currency").

2. A Verified Complaint for Forfeiture *In Rem* was filed on January 5, 2006, seeking the forfeiture of the defendant currency, alleging said currency is subject to forfeiture to the United States of America pursuant to 21 U.S.C. § 881(a)(6) because the defendant currency constitutes moneys or other things of value furnished or intended to be furnished in exchange for a controlled substance or listed chemical, all proceeds traceable to such an exchange and/or was used or intended to be used to facilitate one or more violations of 21 U.S.C. § 841 *et seq*.

3. On January 5, 2006, in accordance with said Complaint, a Warrant and Summons for Arrest of Articles *In Rem* for the defendant currency was issued and duly executed on January 10, 2006.

4.   On or about January 25, 2006, a Public Notice of Arrest of the defendant currency appeared by publication in the *Business Journal*, a newspaper of general circulation in the county in which the defendant currency was seized (Fresno County). The Declaration of Publication was filed with the Court on February 14, 2006.

5.   In addition to the Public Notice of Arrest having been completed, actual notice was personally served upon Claimant and Janeese Perry. Claimant filed an Answer in this action. No other parties have filed claims or answers in this matter, and the time for which any person or entity may file a claim and answer has expired.

6.   The Clerk of the Court entered a Clerk's Certificate of Entry of Default against Janeese Perry on July 21, 2006. Pursuant to Local Rule A-540, the United States and Claimant Arthur Littlefield thus join in a request that as part of this Final Judgment of Forfeiture in this case the Court enter a default judgment against the interests, if any, of Janeese Perry.

7.   Claimant represents and warrants that he is the sole owner of the defendant currency.

Based on the above findings, and the files and records of the Court, it is hereby

ORDERED AND ADJUDGED:

1.   The Court adopts the Stipulation for Final Judgment of Forfeiture entered into by and between the parties to this action.

2.   Judgment is hereby entered against Arthur Littlefield, Janeese Perry, and all other potential claimants who have not filed claims in this action.

3.   Upon entry of a Final Judgment of Forfeiture, $5,128.25 of the defendant approximately $6,752.25 in U.S. Currency, together with any interest that may have accrued on the full amount of the defendant approximately $6,752.25 in U.S. Currency, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6) to be disposed of according to law.

4.   Within 45 days of entry of a Final Judgment of Forfeiture herein, $1,624.00 of the defendant approximately  $6,752.25 in U.S. Currency, shall be returned to Claimant Arthur Littlefield at 2890 E. Huntington Blvd. #13, Fresno, CA 93721.

5.   Plaintiff United States of America and its servants, agents, and employees, and all

other public entities, their servants, agents, and employees, are released from any and all liability arising out of or in any way connected with the arrest, seizure, or forfeiture of the defendant currency. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said arrest, seizure, or forfeiture, as well as to those now known or disclosed. The parties waive the provisions of California Civil Code § 1542.

6. There was reasonable cause for the seizure and arrest of the defendant currency, and the Court may enter a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465.

7. All parties shall bear their own costs and attorneys' fees.

SO ORDERED THIS <u>19th</u> day of <u>November</u>, 2008.

/s/ OLIVER W. WANGER
OLIVER W. WANGER
United States District Judge

### CERTIFICATE OF REASONABLE CAUSE

Based upon the allegations set forth in the Complaint for Forfeiture *In Rem* filed January 5, 2006, and the Stipulation for Final Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure and arrest of the defendant currency.

Dated: <u>November 19, 2008</u>          /s/ OLIVER W. WANGER
OLIVER W. WANGER
United States District Judge